RICHARD FILER,
    *Plaintiff*

*V.*

CITY OF ST. MARTINVILLE, MAYOR THOMAS
NELSON, CHIEF OF POLICE PAULA L. SMITH,
OFFICER FIRST CLASS BRANDON
DESORMEAUX, AND OFFICER JOHN DOE,
    *Defendants.*

DOCKET NO.: " *79908* " DIV. *L* "
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN
STATE OF LOUISIANA

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the Plaintiff herein, **Richard Filer**, who files this Petition for Damages and who, with respect to same, do hereby allege, aver, depose, attest, state, and claim as follows:

1.    Made defendants herein are:

    A.    **City of St. Martinville**, alleged upon information and belief to be a domestic municipality which does not come under the provisions La. R.S. 33:321, *et seq.*, (the Lawrason Act), where the said municipality existed in the State of Louisiana prior to July 29, 1898 and has a population of two hundred thousand or less (see, *e.g.*, La. Atty. Gen. Op. No. 09-0290, p. 1, fn. 1), the said entity being named, sued, and properly issued service of process herein by and through its duly elected mayor, Thomas Nelson, 125 South New Market Street, St. Martinville, Louisiana 70582;

    B.    **Mayor Thomas Nelson**, (named in his individual and official capacities) alleged upon information and belief to be a competent adult of the full age of majority and consent and being further alleged to be the duly elected mayor of the City of St. Martinville, being named and sued herein in *both* his individual *and* official capacities as a person who, at all times material and relevant herein, did hold executive authority over the City of St. Martinville and/or the City of St. Martinville Police Department, the said defendant being properly issued service of process herein at his place of employment, 125 South New Market Street, St. Martinville, Louisiana 70582;

    C.    **Chief of Police Paula L. Smith**, (named in her individual and official capacities) is the Chief of the City of St. Martinville Police Department, and, upon information and belief, is the progenitor (separately or collaboratively) of that Department's policies, procedures, customs, and/or practices, including those said policies / procedures which are identified herein as violating the Plaintiff's constitutional rights, thereby making this Defendant liable for (i) affirmatively participating in acts that caused grave constitutional deprivation and/or (ii) implementing unconstitutional policies that causally resulted in Plaintiffs' injury (See, *e.g.*, Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987), Grandstaff v. City of Borger, 767 F.2d 161, 169-70 (5th Cir. 1985), *cert. den.*, 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987), Mouilie v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992)), and the said defendant is properly issued service of process herein at her place of employment, 125 South New Market Street, St. Martinville, Louisiana 70582;

    D.    **Officer First Class Brandon Desormeaux**, alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting officer with the City of St. Martinville Police Department and further being properly issued service of process at his present place of employment, City of Jeanerette Police Department, 811 Canal Street, Suite "A," Jeanerette, Louisiana 70544; and,



E.   **Officer John Doe**, alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting officer with the City of St. Martinville Police Department and further being properly issued service of process herein at his place of employment, 125 South New Market Street, St. Martinville, Louisiana 70582.

2.      On or about February 19, 2012, at or near 5:30 PM CST, Plaintiff Richard Filer was ensconced within a business enterprise known generally as All New Tee's Lounge LLC, 731 South Main Street, St. Martinville, Louisiana 70582, a physical location which is within the limits of the City of St. Martinville, Parish of St. Martin, State of Louisiana.

3.      While Plaintiff remain within the said business enterprise, Defendant Officer First Class Brandon Desormeaux did occasion to respond to reports of a disturbance at a nearby business.

4.      The disturbance and Defendant Desormeaux's arrival came on a Sunday afternoon, immediately following the Newcomer's Mardi Gras Parade.

5.      A group of parade attendees remained in the vicinage following the parade's conclusion, and some members of the large group were socializing with each other while other members entered nearby clubs, including All New Tee's Lounge LLC.

6.      At a certain point a small disturbance ensued in the parking lot of a nearby market, and law enforcement officers, including Defendants Desormeaux and Officer John Doe, were dispatched to the area.

7.      Upon arrival at the premises and after assisting other responding officers in wrestling an unknown participant to the ground, Defendant Desormeaux began ordering the entire group to "get off the street."

8.      In particular, Defendant Desormeaux walked down the center of Main Street and loudly yelled at the group to either disperse from the sidewalks into the nearby clubs or to go home.

9.      Thereafter, and without any provocation whatsoever, Defendant Desormeaux approached the doorway of All New Tee's Lounge LLC, opened the door, and blindly discharged a pepper spray / mace canister into the club's interior.

10.     Defendant Desormeaux then walked to another nearby establishment, Candlelight Lounge, 725 South Main Street, St. Martinville, Louisiana 70582, opened the door, and blindly discharged a pepper spray / mace canister into that business's interior.

11.     Immediately following Defendant Desormeaux's barbaric assaults, customers of these businesses started running out the doors, clutching their chests, coughing violently, and gagging.

12.     One of the victims of Defendant Desormeaux's attack was Plaintiff Richard Filer, a principal in the All New Tee's Lounge LLC establishment.

13.     Plaintiff Filer exited the business along with a throng of customers who had been hit with pepper spray / mace by Defendant Desormeaux.

14.     At this point Defendant Desormeaux was already *en route* to the nearby Candlelight Lounge.

15.     Plaintiff Filer thus approached another member of law enforcement on the scene, Officer John Doe, and questioned why the business's customers had been indiscriminately but intentionally hit with pepper spray / mace.

16.     In response, Defendant Officer Doe grabbed Plaintiff Filer's left arm with his left hand, yanked Mr. Filer's arm behind his back, grabbed the back of Mr. Filer's head with his right hand, pushed Mr. Filer's body into a nearby utility pole, and thereafter repeatedly banged Mr. Filer's head into the solid pole.

17.     The pole upon which Mr. Filer's body was impaled had leftover remnants of nails and staples previously used to attach signs and notices, and the sharp, jagged edges of those protrusions cut into Mr. Filer's face and chest.

18.     After inflicting a severe contusion upon Mr. Filer's left supraorbital region (above his left eye) and causing Mr. Filer to bleed profusely, Officer Doe placed Mr. Filer into handcuffs, placed Mr. Filer under custodial arrest, and transported Mr. Filer to the City of St. Martinville police station.

19.     After publicly arresting and abusing Mr. Filer, Officer Doe purportedly engaged in "furthering the investigation" while Mr. Filer was in the St. Martinville Police Department's custody.

20.     Officer Doe's post arrest "investigation" revealed no basis (legitimate or otherwise) for Mr. Filer's detention; accordingly, Mr. Filer "was released without any charges" on the evening of February 19, 2012.

21.     Upon information and belief, and to the best of Plaintiff Filer's post trauma recollection, Defendant Officer Doe did not read any Miranda rights to Plaintiff, Defendant Doe Defendant Doe did not perform a Terry pat down, Defendant Doe did not perform any search incident to arrest, Defendant Doe did not radio in his arrest of the Plaintiff, and, ultimately, Defendant Doe did not even book the Plaintiff into prison.

22.     At no time did Plaintiff Filer physically resist or assault Defendant Officer Doe and/or Defendant Officer Desormeaux in any way, and the force used against Mr. Filer was unnecessary, excessive, and reprehensible.

23.     At no time during the events described above was the Plaintiff Filer intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly.

24.     Plaintiff Filer committed no criminal offense(s) worthy of arrest and abuse.

25.     In truth, Plaintiff Filer committed no criminal offense(s) whatsoever, and the actions of Defendant Officer Doe and/or Defendant Officer Desormeaux were wholly unprovoked, without basis or justification, and a gross and excessive abuse of these officers' authority.

26.     Neither Defendant Officer Doe nor Defendant Officer Desormeaux had a warrant for Plaintiff Filer's arrest.

27.     Neither Defendant Officer Doe nor Defendant Officer Desormeaux had probable cause to effect Plaintiff Filer's arrest.

28.     Neither Defendant Officer Doe nor Defendant Officer Desormeaux had legal cause or excuse to seize the Plaintiff's person.

29.     In short, the abuses committed by Defendant Officer Doe and/or Defendant Officer Desormeaux have every compelling indicia of being undertaken and committed against Plaintiff Filer by and through intentionally malicious and objectively unreasonable acts of force which were "clearly excessive to the need" and which caused "a significant injury" under the standard enunciated in Johnson v. Morel, 876 F.2d 477 (5th Cir. 1989).

30.     Plaintiff Filer alleges the identity of Defendant Officer John Doe is presently unknown to Plaintiff; however, Plaintiff avers that to the best of his post-trauma knowledge, information, and belief, Defendant Officer Doe was a short, bald-headed City of St. Martinville police officer who was assigned to "Unit No. 1216" at the time of the events made subject of this litigation.

31.     At all times herein relevant, Plaintiff Richard Filer was a legal citizen and resident of the United States of America and a competent adult of the full age of majority and consent, domiciled, living, and residing in the Parish of St. Martin, State of Louisiana.

32.     Officer First Class Brandon Desormeaux and Officer John Doe were, at all times herein relevant, each duly appointed and acting officers of the Police Department of the City of St. Martinville, acting under color of law,- to wit, under color and authority of the statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and/or the City of

St. Martinville.

33.     The actions of Defendants Desormeaux and Doe were supported, authorized, approved, and/or otherwise generally ratified by their respective superior officers, including Chief of Police Paula L. Smith.

34.     The City of St. Martinville, Louisiana, is a municipal corporation and the public employer of the said Defendant officers (Desormeaux and Doe).

35.     The Mayor of St. Martinville, Thomas Nelson, did, at all time times material and relevant herein, hold executive authority over the City of St. Martinville and/or the St. Martinville City Police Department.

36.     Alternatively / conjunctively, Chief of Police Paula L. Smith, in her official capacity, is deemed the "employer" of members of the St. Martinville City Police Department, and, as such, the Chief of Police should be a party held vicariously liable for torts committed by the City's police officers.  See, *e.g.*, <u>Nall v. Parish of Iberville</u>, 542 So.2d 145, 149 (La.App. 1 Cir. 1989), *citing* La. R.S. 42:1441.3, *et seq.*

37.     At all times herein relevant, Defendant Officers Desormeaux and Doe were acting within the course and scope of their employment with the City of St. Martinville.

38.     As a direct and proximate result of the said acts of Defendant Officers Desormeaux and Doe, the Plaintiff, Richard Filer, suffered the following injuries and damages:

     A.     Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

     B.     Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment and excessive force;

     C.     Loss of his physical liberty;

     D.     Past, present and future medical, hospital, doctor, and related expenses;

     E.     Past, present and future physical pain and suffering;

     F.     Past, present and future mental anguish and anxiety;

     G.     Past, present and future lost wages and diminished earning capacity;

     H.     Past, present, and future emotional distress;

     I.     Past, present, and future loss of enjoyment of life;

     J.     Residual physical disability; and,

     K.     Such other damages which were caused by the aforesaid incident and which were sustained by the plaintiff.

39.     Plaintiff Richard Filer claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Chief of Police Paula L. Smith, Officer First Class Brandon Desormeaux, and Officer John Doe for violation of Mr. Filer's constitutional rights under color of law, since the conduct and actions of the said Defendants were done under color of state law and in their individual and official capacities and squarely within the scope of their employment.

40.     Said acts by the said Defendants (Smith, Desormeaux, and Doe) were beyond the scope of their jurisdiction, without authority of law, and were an abuse of their powers, and said Defendant Officers acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

41.     Defendant Officers Brandon Desormeaux and John Doe of the St. Martinville City Police Department committed an assault and battery upon Plaintiff Richard Filer.

42.     Defendant Officers Brandon Desormeaux and John Doe of the St. Martinville City Police Department illegally arrested and illegally abused / detained / imprisoned Plaintiff Richard Filer.

43.     As a result of this false arrest and illegal abuse / detainment / imprisonment, Plaintiff Richard Filer suffered damages as aforesaid.

44.     Prior to February 19, 2012, the City of St. Martinville and/or the St. Martinville Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in St. Martinville, which policies or customs caused the violation of the Plaintiff's rights.

45.     It was the policy and/or custom of the City of St. Martinville and/or the St. Martinville Police Department to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of St. Martinville.

46.     It was the policy and/or custom of the City of St. Martinville and/or the St. Martinville Police Department to tolerate known misconduct by Defendant Officers Brandon Desormeaux and/or John Doe of the St. Martinville City Police Department.

47.     aBoth prior and subsequent to February 19, 2012, the City of St. Martinville and/or the St. Martinville Police Department had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action.

48.     It was the policy and/or custom of the City of St. Martinville and/or the St. Martinville Police Department to inadequately supervise and train its police officers, including Defendant

Officers Brandon Desormeaux and/or John Doe of the St. Martinville City Police Department, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

49.     It was the policy and/or custom of the City of St. Martinville and/or the St. Martinville Police Department to not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

50.     As a result of the above described policies and customs, police officers of City of St. Martinville and/or the St. Martinville Police Department, including Defendant Officers Brandon Desormeaux and/or John Doe of the St. Martinville City Police Department, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated and acquiesced to.

51.     The City of St. Martinville and/or the St. Martinville Police Department, by and through its Chief of Police, Paula L. Smith, instituted and supported unconstitutional acts, customs, and policies whereby St. Martinville Police Officers were permitted and encouraged to engage in the widespread abuse of their status in pursuit of personal vendettas and grievances.

52.     Defendant Chief of Police, Paula L. Smith is the progenitor (separately or collaboratively) of the St. Martinville Police Department's policies, procedures, customs, and/or practices, including those said policies / procedures which are identified herein as violating the Plaintiff's constitutional rights, thereby making this Defendant liable for (i) affirmatively participating in acts that caused grave constitutional deprivation and/or (ii) implementing unconstitutional policies that causally resulted in Plaintiffs' injury. See, e.g., Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987), Grandstaff v. City of Borger, 767 F.2d 161, 169-70 (5th Cir. 1985), cert. den., 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987), Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992).

53.     The acts, customs, and policies of the City of St. Martinville and/or the St. Martinville Police Department constitute deliberate indifference to the Plaintiff's constitutional rights and proximately caused his injuries as alleged herein.

54.     Under the doctrine of respondeat superior, the Defendants City of St. Martinville and/or the St. Martinville Police Department is/are fully responsible for the tortious acts of the individual employees named herein.

55.     The above-described policies and customs demonstrated a deliberate indifference on the

part of policymakers of the City of St. Martinville and/or the St. Martinville Police Department, including Defendant Chief of Police Paula L. Smith and/or the St. Martinville Police Department, to the constitutional rights of persons within the City of St. Martinville, and were the cause of the violations of Plaintiff's rights as alleged herein.

56.      Defendants City of St. Martinville and/or the St. Martinville Police Department and/or Defendant Officers Brandon Desormeaux and John Doe of the St. Martinville City Police Department failed to exercise due care and failed to properly analyze the facts clearly known to them and, by doing so, they violated Plaintiff's rights under Louisiana law, where Plaintiff was wrongfully detained, illegally arrested, falsely imprisoned, and Defendant Officers Brandon Desormeaux and John Doe engaged in an intentional abuse of legal process, made, done, and effected without justification and for no proper purpose.

57.      Defendant John Doe's actions (whether independently or in concert with Officer Desormeaux) resulted in Plaintiff being falsely arrested: "To establish a false arrest claim, the plaintiff must prove that the arrest was unlawful and that the unlawful arrest resulted in injury." Saucier v. Players Lake Charles, L.L.C., 99-1196 (La.App. 3 Cir. 12/22/99), 751 So.2d 312, 316.

58.      Defendant John Doe's actions (whether independently or in concert with Officer Desormeaux) resulted in Plaintiff being falsely imprisoned: "False imprisonment is the unlawful and total restraint of the liberty of the person."  Crossett v. Campbell, 122 La. 659, 48 So. 141 (1908), cited as "the leading case" by Stone - Louisiana Civil Law Treatise, Vol. 12, La. Tort Doctrine, Sec. 203, at p. 267 (1977).

59.      Plaintiff specifically alleges the actions and conduct of Defendant John Doe (whether independently or in concert with Officer Desormeaux) relative to the conduct made subject of this Petition for Damages arose to the level of intentional infliction of emotional distress under Louisiana law, where the said conduct was extreme and outrageous, it caused Plaintiff severe emotional distress, and it was done with a specific intent to cause severe emotional distress.  See, e.g., White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991).

60.      As a direct and proximate consequence of the outrageous and unconscionable acts and omissions on the part of the Defendants as described above, the Defendant Officers intentionally inflicted emotional distress upon the Plaintiff.

61.      Thus, the Plaintiff is entitled to a monetary judgment against the Defendants, both jointly and severally.

62.     The Plaintiff contends that he is also entitled to the awarding of reasonable attorney fees as a part of the costs of prosecuting the present cause of action pursuant to 42 U.S.C. 1988.

63.     The actions of Defendants were in wanton and reckless disregard for Plaintiff's clearly-established rights, and, as a result, Defendants are liable unto Plaintiff for punitive damages as allowed by law.

64.     Plaintiff is entitled to and does hereby seek an award of all such other various and sundry relief to which he may be entitled in these premises.

65.     Plaintiff avers he has raised claims which, *inter alia*, subtend allegations of wrongful detention, illegal arrest, false imprisonment, assault, and battery.

66.     Plaintiff would respectfully show that the one (1) year prescriptive period for a claim of false imprisonment runs from the date of release from detention unless interrupted or suspended. Restrepo v. Fortunato, 556 So.2d 1362, 1363 (La. App. 5th Cir. 1990).

67.     Where the actions of the Defendants coalesced to keep Plaintiff incarcerated until his subsequent release on the evening of February 19, 2012, the present lawsuit, filed within one (1) year of that date, is *per se* timely for all material purposes.

68.     Plaintiff specifically shows that one (1) or more elements of his claims for damages may be based upon a deprivation of Constitutional rights.

69.     Plaintiff shows that to the extent discovery conducted with reference to the present proceeding reveals liability upon one (1) or more individuals acting under color of state law or otherwise subject to the provisions of 42 U.S.C. 1983, Plaintiff specifically reserves the right to amend the present Petition for Damages for the purpose of setting forth and establishing the said claim(s).

70.     Plaintiffs reserves the right to seek the amendment in order to set forth the identity of Defendant "Officer John Doe" after this individual's identity has been established or otherwise revealed through pretrial discovery.

WHEREFORE, Plaintiff **Richard Filer** prays that the Defendants be served with this petition, and after being duly cited to appear and answer same and the expiration of all legal delays and due proceedings are had, that there be judgment to include punitive damages rendered herein in favor of Plaintiff, and against Defendants, **City of St. Martinville, Mayor Thomas Nelson, Chief of Police Paula L. Smith, Officer First Class Brandon Desormeaux,** and **Officer John Doe,** jointly and in solido, for such damages as are reasonable in the premises,

together with legal interest from the date of judicial demand until paid, all costs of these

proceedings, all appropriate attorney fees, and all such other equitable and just relief to which

Plaintiff may be entitled in these premises.

Respectfully Submitted,

**Law Office of J. Christopher Alexander, Sr., LLC**
Attorneys and Counselors at Law

J. Christopher Alexander, Sr., Esq.
Louisiana Bar Roll No.: 26,591
3751 Government Street, Suite "A"
Baton Rouge, Louisiana 70806
225-761-9456 (telephone)
225-761-7899 (facsimile)
chris@jcalaw.us
Counsel for Plaintiff Richard Filer

**PLEASE SERVE:**

**City of St. Martinville**
*Through Its Mayor:*
Thomas Nelson
125 South New Market Street
St. Martinville, Louisiana 70582

**Mayor Thomas Nelson**
*Through His Employer:*
125 South New Market Street
St. Martinville, Louisiana 70582

**Chief of Police Paula L. Smith**
*Through Her Employer:*
City of St. Martinville Police Department
125 South New Market Street
St. Martinville, Louisiana 70582

**Officer First Class Brandon Desormeaux**
*Through His Current Employer:*
City of Jeanerette Police Department
811 Canal Street, Suite "A"
Jeanerette, Louisiana 70544

RECEIVED AND FILED

2013 FEB -6  AM 9: 24

A TRUE COPY

ATTEST

DEPUTY CLERK OF COURT